UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON D. JONES | CIVIL ACTION |
| VERSUS | NO.   15-7137 |
| HEATHER WARNER | SECTION "E" (4) |

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.  On March 15, 2016, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.      **Factual and Procedural Background**

  A.      **The Complaint**

The plaintiff, Jason D. Jones ("Jones"), is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie Louisiana.  Jones filed this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against the defendant, Sergeant Heather Warner, because she refused to allow him access to a bathroom which resulted in his urinating on himself.

---

[1] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims.  The information received is considered to an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 12.  The plaintiff was sworn prior to testifying and the hearing was digitally recorded.

Jones alleges he and another inmate were placed in the dining area awaiting transport to the hospital. He claims that he asked Sergeant Warner to let him use the bathroom in the cafeteria and she refused. She also would not let him go back to the dormitory to use the restroom there. Jones told another person, Sergeant Williams, that he was 56 years old and had a stroke. She spoke to Sergeant Warner about letting him go to the bathroom, and the Sergeant still refused. As a result, Jones claims that he urinated on himself.

As relief, Jones requested that a restraining order be issued against Sergeant Warner because her father works on the same shift, that she be demoted to cadet status, and that she be properly trained in providing for the inmates under Louisiana Department of Corrections policies.

Attached to his complaint is a response to Grievance No. 2015-658 which indicates that Jones was not entitled to relief because during feeding times, offenders were not allowed access to the officer dining area nor allowed to use the restrooms without prior permission or duty status.[3]

### B.     The *Spears* Hearing

Jones testified that he is serving six years for simple burglary. He also indicated that he suffers with high blood pressure and had a stroke in 2014 which left him partially paralyzed on the right side. He recalled that a few weeks before he filed this suit, he was scheduled for a stress test at Lallie Kemp Hospital to assess heart issues occurring after the stroke. On the day of the appointment, he woke up later than planned and had to get dressed without using the bathroom or brushing his teeth. He was brought to the kitchen area to wait with another inmate. While there, he asked Sergeant Warner if he could use the bathroom that the kitchen workers use. She said no. Another lady, Sergeant Williams asked him his age and when he told her, she asked Sergeant

---

[3]Rec. Doc. No. 1-1, p. 2; *see also*, Rec. Doc. No. 1-1, pp. 1 and 3.

Warner if he could use the bathroom, but she still said no. Jones stated that he then asked the Sergeants if he could go back to dorm and they said no.

Other officers arrived to take him to the infirmary before going to the hospital. Jones stated that they took so long in the infirmary, he decided to urinate through the gate into some plants in the infirmary. Another inmate saw it happen. He indicated that he got his hands and part of his clothes wet. The transport officers let him change his clothes, and he was taken to the hospital for his appointment.

Jones claimed that he wrote a grievance complaint about Sergeant Warner because she should have let me go to the bathroom used by the inmates who work in the kitchen. When that complaint was denied, he did not appeal the decision to the DOC, and instead filed suit in federal court.

Jones further stated that he sought a restraining order because he feared that Warner would retaliate against him for complaining about her actions. He stated that she did retaliate because she "wrote him up" on an aggravated disobedience disciplinary charge on January 3, 2016. He stated that she observed him talking "over the serving line." Jones did not stop talking when she ordered him to do so and instead continued to talk until her second order to stop. Jones did not answer the Court when asked whether the incident occurred. He simply said that Sergeant Warner was always harassing him like that. Jones conceded that he was found guilty and did not appeal that ruling.

## II.   **Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous

nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III. Analysis**

    **A. Denial of Access to a Restroom**

Jones alleges that Sergeant Warner denied him access to a bathroom in his time of need while he waited in the kitchen area for transport to the hospital. He initially claimed in his written petition that, as a result of her actions, he urinated on himself. He clarified at the *Spears* Hearing that he was able to wait in the cafeteria, although he was uncomfortable. He also stated that it was sometime later, after he was taken to the infirmary area, when he decided he could not wait any longer. He claimed that the transport officers were taking so long that he decided to urinate

through the gate.  It was then, while urinating through the gate, that his hands and some of his clothing got wet.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)).  In order to prevail on a conditions of confinement claim, a prisoner must allege facts that suggest that the prison official's conduct was intentional and that it resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

The United States Fifth Circuit Court of Appeals has observed that "'certain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment.'" *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (quoting *Novak v. Beto*, 453 F.2d 661, 665 (5th Cir.1971)).  This includes the deprivation of the basic elements of hygiene, including adequate access to bathroom facilities.  *Id*.

In this case, however, Jones's situation did not reach the level of deprivation that would invoke the Constitution.  Jones all but conceded at the *Spears* Hearing that Sergeant Warner's denial of access to the bathrooms in the cafeteria was in accordance with prison policy.  He felt, however, that under the circumstances, she should have made an exception to allow him to use the restricted bathrooms or had him sent back to the dormitory to use the restroom.  The Constitution would not require a prison official to make such an exception to the prison security rules.  Jones had earlier chosen to sleep-in and hurriedly dress rather than brush his teeth and use the toilet. There was no medical reason for him to have to use the bathroom; it was instead a result of his

choice not to wake up and get dressed in time for his hospital appointment. He also does not allege that anyone in the dormitory prevented him from using the toilet before going to the cafeteria.

Furthermore, his temporary discomfort also does not establish a claim for which relief is warranted. In *Palmer*, cited above, the inmates were denied access to any bathroom facilities for 17 hours while being forced to sleep over night outside in extremely cold weather. Unlike those plaintiffs, Jones was not denied access to bathrooms for any significant period of time. He was only denied access to the restricted bathrooms in the cafeteria.

He also does not indicate that he asked the other transport officers or anyone in the infirmary to allow him access to a bathroom before he decided to urinate through the gate. He does not allege that he was under Sergeant Warner's control when he left the cafeteria or while he was in the infirmary.

Also significant to his Eighth Amendment claim is the fact that he accidently urinated on his hands and clothes when he tried to urinate through the gate. He did not soil himself through his clothing as his complaint implied. This incidental result was not caused by any intentional act of Sergeant Warner and instead was a result of his decision to awkwardly urinate through the gate instead of asking for a restroom in the infirmary.

Furthermore, as one court has held, the mere fact that bathroom access is limited or even results in inmates' soiling themselves, does not necessarily amount to a constitutional deprivation:

> The fact that inmates may occasionally soil themselves while attending to their bodily functions does not automatically mean that they have been subjected to inhumane conditions. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). Such unfortunate incidents cannot be avoided at times but can be remedied by simply cleaning the affected area. No constitutional violation is established unless there are facts that show that the inmates are not given an opportunity to clean themselves after having an accident. *See Bradley v. Puckett*, 157 F.3d 1022 (5th Cir. 1998) (handicapped inmate stated claim by alleging that he was placed in close

> confinement and effectively prevented from showering for two months). [Petitioner] does not allege that any inmate has had to endure a prolonged period of being dirty and has failed to establish that there is any legal basis to support his argument regarding hygiene.  *Id*.; *see also Vacca v. Scott*, 119 F. App'x 678, 2005 WL 102995 (5th Cir. Jan 19, 2005) (inmate who was repeatedly denied access to bathroom failed to establish Eighth Amendment violation).

*Jernigan v. Dretke*, No. 04-4672, 2005 WL 1185627, at *2 (S.D. Tex. Apr.29, 2005); *see also*, *Decker v. Dunbar*, 633 F. Supp. 2d 317, 341–42 (E.D. Tex.2008) (inmate urinated on himself after being denied access to a restroom while prisoner count was completed; verification of count was a reasonable basis for delay and did not show deliberate indifference; inmate did not suffer more than *de minimis* physical injury), *aff'd*, 358 F. App'x 509 (5th Cir. 2009), *cert. denied*, 562 U.S. 848 (2010), *reh'g on cert. denied*, 562 U.S. 1171 (2011).

Jones suffered no physical injury from the denial of access to the restricted bathrooms. He also has not alleged any risk to his current or future health as a result of the incident. *Vacca*, 119 F. App'x at 679. Furthermore, under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719, quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury)); *Jones*, 188 F.3d at 326. Jones's discomfort, dampened hands, and perhaps even embarrassment are insufficient to warrant recovery under § 1983.

His claim should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### B.     Retaliation and Harassment

Jones also alleges a concern that Sergeant Warner will retaliate against him because of his complaints against her.   He suggests that Warner harasses him as demonstrated by the disciplinary charge he received on January 3, 2016, for aggravated disobedience.

Prison officials may not retaliate against a prisoner for exercising his First Amendment rights of access to the courts or to complain through proper channels about alleged misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).   The law prohibits such retaliatory acts:

> The elements of a retaliation claim are the invocation of a specific constitutional right, the defendants' intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, <u>i.e.</u>, but for the retaliatory motive the complained of incident . . . would not have occurred.   With respect to the last element, we [have] emphasized that an action motivated by retaliation for the exercise of a constitutionally protected right is actionable even if the act, when taken for a different reason, may have been legitimate.

*Clarke v. Stalder*, 121 F.3d 222, 231 (5th Cir. 1997), *vacated in part and reinstated in relevant part*, 154 F.3d 186, 191 (5th Cir. 1998) (citing *Bounds v. Smith*, 430 U.S. 817 (1977), *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), and *Woods*, 60 F.3d at 1164-66) (quotations and additional citations omitted).   The Fifth Circuit has expressed a caution for courts considering a prisoner's claim of retaliatory actions by prison officials, because "[t]he prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties.   Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."   *Woods*, 60 F.3d at 1166 (citation and quotation omitted).   The Fifth Circuit warned that "trial courts must carefully scrutinize these claims."   *Id*.

> To state a claim of retaliation <u>an inmate must allege the violation of a specific constitutional right</u> and be prepared to establish that <u>but for</u> the retaliatory motive

> the complained of incident . . . would not have occurred. This places a significant burden on the inmate . . . . The inmate must produce <u>direct</u> <u>evidence</u> <u>of</u> <u>motivation</u> or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred."

*Id.* (citations omitted) (emphasis added).

Based on these principals, to state a constitutional violation, a prisoner "must show that he suffered a qualifying adverse retaliatory act." *Morris*, 449 F.3d at 684. Without more than a *de minimis* impact, the prisoner has suffered no constitutional injury. *Id*. "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Id.*, at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n.10 (1998)). The plaintiff must demonstrate "more than his personal belief that he was the victim of retaliation." *Decker v. McDonald*, No. 09-27, 2010 WL 1424322, at *15 (E.D. Tex. Jan. 11, 2010) (Craven, M.J.), *report adopted*, 2010 WL 1424292, at *1 (E.D. Tex. Apr. 7, 2010) (Folsom, J.). Mere conclusory allegations of retaliation will not suffice. *Decker*, at *15.

In this case, Jones has fallen short of stating a claim of retaliation by Sergeant Warner or that a violation of his federal constitutional rights has occurred under the circumstances he describes. Jones does not deny that he violated a prison rule when he spoke over the food serving line. He simply complains that Sergeant Warner is always watching him when he is in the food service areas where she is assigned. In this case, however, he was found guilty of the infraction by the disciplinary panel. He also testified at the *Spears* Hearing that, at the time, Warner did not know he filed his federal lawsuit, and he testified that he did not write the Warden about her actions until after she issued the disciplinary charge. The record confirms that a summons in this case was not issued to Warner until February 3, 2016, and it was served on an administrative assistant at the prison on March 21, 2016. Jones's belief that she acted in retaliation is speculative. He has not asserted any basis to assume a retaliatory intent behind the action taken.

9

Jones has not alleged a cognizable retaliation claim. His retaliation claim must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted. *See Sanchez v. Grounds*, 591 F. App'x 263, 264-65 (5th Cir. 2015) (allegations that are conclusory and speculative do not give rise to any inference that a prison official's actions were motivated by a retaliatory intent) (citing *Woods*, 60 F.3d at 1166).

### IV.  Recommendation

It is therefore **RECOMMENDED** that Jones's § 1983 claims against Sergeant Warner be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 29th day of July, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.